IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTLAND SAVAGE<br>333 Oak Wood Dr.<br>Mount Holly, NC 28120<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY<br>1000 Navy Pentagon<br>Washington, DC 20350-1000<br><br>        Defendant. | Civil Action No. 19-2983 (ABJ) |

**FIRST SUPPLEMENTAL COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq., and the Privacy Act ("PA"), 5 U.S.C. § 552a, et seq., seeking the production of agency records requested by the plaintiff, Courtland Savage (hereinafter "Plaintiff"), from the defendant, Department of the Navy (hereinafter "Defendant"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. §552(a)(4)(B).

**PARTIES**

3. Plaintiff is an African-American and former naval officer assigned as a student pilot with the Navy's Strike Fighter Squadron 106 (VFA-106). Plaintiff, along with another African-American student pilot, Captain J.A., was the subject of racial discrimination by the

VFA-106 command, which ultimately resulted in his untimely discharge from the service and formed the basis of an Equal Opportunity ("EO") command investigation.

4. Defendant is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and/or control of the records requested by Plaintiff that are the subject of this action.

## STATEMENT OF FACTS

5. In January 2016, Plaintiff commenced training as a student pilot in VFA-106. During his tenure as a student in this unit, Plaintiff and Captain J.A. were the subjects of myriad insensitive and racist jokes and actions by various members of the command, and were targeted for attrition from the program. One example of the discriminatory acts by the command was the formation of a text message communication group consisting solely of Caucasian instructor pilots who were also graduates of the United States Naval Academy; the group referred to themselves as the "Pure Bloods." Plaintiff and Captain J.A. were the subjects of many race-based comments by members of the "Pure Bloods."

6. In April 2017, Plaintiff was removed from the training pipeline after undergoing a subjective review board known as a Field Naval Aviator Evaluation Board ("FNAEB"). Plaintiff challenged this board on the basis of racial discrimination via a congressional inquiry in July 2017 and a formal EO complaint in December 2017. Likewise, Captain J.A. also filed an EO complaint. The two complaints were merged, and in April 2018, the Commander, Naval Air Forces (CNAF), Vice Admiral Dewolfe Miller, III, convened an investigation. The report of investigation was completed on August 16, 2018, and submitted to Vice Admiral Miller for final action.

7. Upon conclusion of the report of investigation, neither Plaintiff nor Captain J.A. was provided a copy. On April 15, 2019, after receiving no further correspondence on the matter,

Plaintiff submitted a request under the FOIA for a copy of the investigating officer's final report and accompanying endorsements.

8. On May 13, 2019, almost one month after receiving Plaintiff's FOIA request, Vice Admiral Miller authored his final endorsement. This endorsement approved only select findings and recommendations of the investigating officer (which included a finding that Plaintiff's FNAEB *was* improperly influenced by the racial slurs of the "Pure Bloods"); a majority of the findings and recommendations were either deleted or amended.

9. On May 17, 2019, four days after the final endorsement was authored, Plaintiff was provided a heavily redacted, partial denial of his request. The redactions and withholdings were made under 5 U.S.C. §§ 522(b)(3), (5), and (6), and include many of the pre-amended and "deleted" findings and recommendations, as well as the investigating officer's "Executive Summary" of the report.

10. Plaintiff timely appealed the unlawful withholdings to the Office of the Judge Advocate General, Department of the Navy, asserting that Defendant had failed to exercise sound and reasonable decision making in withholding documents under 5 U.S.C. §§ 522(b)(5) and (6), and that the exemptions cited were either inapplicable or could be narrowly tailored so as not to exclude whole pages, *e.g.* the full redaction of the "Executive Summary" portion of the report of investigation.

11. On July 29, 2019, Defendant denied the appeal and affirmed the partial denial of withheld records. Plaintiff has exhausted all administrative remedies, and now brings this cause of action.

12. On October 3, 2019, after exhausting all administrative remedies, Plaintiff brought this cause of action based on the unlawful FOIA denial. As of the date of this filing,

VFA-106 remains under heightened scrutiny for certain misconduct which is related, in part, to Plaintiff's action.[1]

13.   On November 5, 2019, shortly before the deadline for Defendant's answer to the Complaint, Plaintiff received correspondence from the Office of the Judge Advocate General, amending the July 29, 2019 decision and remanding his matter to CNAF for review under the PA. This correspondence noted that the initial request should have been processed under the PA. Defendant's filing deadline was extended in order to reprocess the request.

14.   On December 6, 2019, CNAF provided a second production of the responsive documents. The redactions/withholdings were identical to the redactions in the first production but were now made under 5 U.S.C. § 552a(d)(5) in lieu of 5 U.S.C. § 552(b)(5).

15.   Plaintiff timely appealed the withholdings under both the FOIA and the PA, asserting that, in addition to the arguments in the previous appeal, Defendant essentially swapped FOIA exemption (b)(5) for PA exemption (d)(5), and the PA exemption cited is inapplicable to the withheld information. Plaintiff stayed the lawsuit pending resolution of the administrative appeal.

16.   On March 31, 2020, Defendant denied the administrative appeal, asserting that the PA does not apply to the information requested by Plaintiff.

17.   On June 1, 2020, Plaintiff received correspondence from Defendant amending its response to the FOIA/PA appeal. Defendant determined the PA does in fact apply to the information sought by Plaintiff but nevertheless affirmed the denial of the appeal.

18.   Having exhausted all administrative remedies with regard to the PA denial, Plaintiff now files this Supplemental Complaint addressing the PA withholdings.

---

[1] *See, e.g.* https://www.militarytimes.com/news/your-navy/2019/08/09/navy-fires-marine-xo-of-the-gladiators/ (last visited Oct. 1, 2019).

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

19. Plaintiff incorporates paragraphs 5 – 12 as if fully stated herein.

20. Defendant is subject to the FOIA requirements under 5 U.S.C. § 522(f)(1).

21. Defendant's unlawful withholding of records requested by Plaintiff violates 5 U.S.C. § 522(a)(3)(A) by, *inter alia*, seeking to withhold agency records under 5 U.S.C. §§ 522(b)(5) and (6) without adequately describing the documents withheld, without establishing a factual or legal basis for the application of these exemptions to the responsive agency documents, and without performing a sufficient segregability analysis to justify withholding nonexempt portion of the records, which should be disclosed as reasonably segregable from exempt portions.

22. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FIOA request, which would enable Plaintiff to understand the full breadth of the command's misconduct and the interplay of the racial discrimination with the FNAEB (which he is unable to remove from his record absent this full understanding), and allow the public to be informed of the systemic racism within Defendant's VFA-106 training program. Plaintiff and the public will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT TWO
### Violation of PA, 5 U.S.C. § 552a
### Unlawful Withholding of Non-Exempt Documents

23. Plaintiff incorporates paragraphs 5 – 18 as if fully stated herein.

24. Plaintiff submitted a proper request for his records under 5U.S.C. § 552a(d)(1).

25. Defendant has failed to comply with its requirement to produce the requested records through its withholding of the documents under 5 U.S.C. § 522a(d)(5).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA/PA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA/PA request; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 22, 2020

Respectfully submitted,

_____
Eric S. Montalvo, DC Bar No. 993206
FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com

*Counsel for Plaintiff*