UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTLAND SAVAGE,

*Plaintiff,*

v.

DEPARTMENT OF THE NAVY,

*Defendant.*

Civil Action No. 19-2983 (ABJ)

## ANSWER TO FIRST AMENDED COMPLAINT

The Department of the Navy ("Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Courtland Savage's ("Plaintiff") Amended Complaint[1] (ECF No. 10) and states as follows:

### DEFENSES

#### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable exemptions or exclusions under either the Freedom of Information Act ("FOIA") or the Privacy Act. *See* 5 U.S.C. § 552(b); 5 U.S.C. § 552a.

#### THIRD DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and

---

[1] Though styled as a Supplemental Complaint, Plaintiff's pleading is an Amended Complaint which supersedes his initial Complaint entirely. The Court described the pleading as an Amended Complaint in docket entries 10 and 11. (ECF No. 10, 11.)

pursuant to authority, and exceptional circumstances exist that necessitate additional time for

Defendants to process Plaintiff's FOIA and Privacy Act requests.

FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent those

requests exceed the relief authorized under FOIA and the Privacy Act.  *See* 5 U.S.C. § 552; 5

U.S.C. § 552a.

FIFTH DEFENSE

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

SIXTH DEFENSE

Defendant may have additional affirmative defenses that are not known to Defendant at this

time, but that may be ascertained during litigation.  Defendant specifically preserve these and

other affirmative defenses as they are ascertained during litigation, including those required by

Fed. R. Civ. P. 8 and 12.

**JURISDICTION AND VENUE**

1.  Paragraph 1 sets forth a conclusion of law regarding jurisdiction to which no

response is required.

2. Paragraph 2 sets forth a conclusion of law regarding venue to which no

response is required.

**PARTIES**

3. Defendant admits the first sentence of paragraph 3.  Defendant denies the

remaining sentences of paragraph 3.

4.  Admit.

## STATEMENT OF FACTS

5.  Defendant admits the first sentence of paragraph 5.  Defendant denies the remaining sentences of paragraph 5.

6.  Defendant admits the first four sentences of paragraph 6.  For the fifth sentence of paragraph 6, Defendant admits that the report of investigation was completed on August 26, 2018, but denies the remaining allegations in this sentence.

7.  Admit.

8.  Defendant admits the first sentence of paragraph 8.  Defendant refers the Court to the endorsement authored by Vice Admiral Miller as the most true and accurate representation of its contents.

9.  Defendant admits that  Plaintiff was provided a redacted version of the investigation report and the endorsement in accordance with the Freedom of Information Act.  Defendant refers the Court to redacted investigation report and endorsement as the most true and accurate representation of their contents.

10.  Defendant admits that Plaintiff submitted a timely appeal to the Office of the Judge Advocate General.  Defendant refers the Court to such appeal as the most true and accurate representation of its contents.

11.  Defendant admits the first sentence of paragraph 11.  The second sentence of paragraph 11 contains a conclusion of law to which no response is required.

12.  Defendant admits that Plaintiff brought this cause of action on October 3, 2019.  The remainder of the first sentence of paragraph 12 contains a conclusion of law to which no response is required.  Defendant denies the remaining sentence of paragraph 12.

13.  Defendant admits that on November 5, 2019, Plaintiff received correspondence from the Office of the Judge Advocate General amending the office's prior decision letter issued on July 29, 2019.  Defendant refers the Court to such letter as the most true and accurate representation of its contents.  Defendant admits the third sentence of paragraph 13.

14.  Defendant admits that Commander, Naval Air Forces Pacific (COMNAVAIRPAC) provided a second production of the responsive documents.  Defendant refers the Court to such production as the most true and accurate representation of its contents.

15.  Admit.

16.  Defendant admits that on March 31, 2020, Defendant denied the administrative appeal and found that the Privacy Act did not apply.  Defendant refers the Court to such letter as the most true and accurate representation of its contents.

17.  Defendant admits that on June 1, 2020, Defendant amended its prior response to the administrative appeal and determined that the Privacy Act should apply.  Defendant again affirmed the denial of Plaintiff's appeal.  Defendant refers the Court to such letter as the most true and accurate representation of its contents.

18.  Paragraph 18 contains a legal conclusion to which no response is required.

**COUNT I (FOIA)**

19.  Defendant incorporates herein the responses set forth in paragraphs 1-18.

20.  Paragraph 20 contains a legal conclusion to which no response is required.

21.  Deny.

22.  Deny.

**COUNT II (Privacy Act)**

23.  Defendant incorporates herein the responses set forth in paragraphs 1-18.

24.  Paragraph 24 contains a legal conclusion to which no response is required.

25.  Deny.

**RELIEF**

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no answer is

required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled

to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's complaint not expressly admitted or

qualified herein.

Dated: July 27, 2019          Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar #924092

*/s/ Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar # 306656
Assistant United States Attorney
555 Fourth St., N.W. - Civil Division
Washington, D.C. 20530
Phone: (202) 252-6718
Email: christopher.hair@usdoj.gov