UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTLAND SAVAGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-2983 (ABJ) |
| U.S. DEPARTMENT OF THE NAVY, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following Statement of Material Facts as to Which There is No Genuine Dispute.

1. Plaintiff submitted a Freedom of Information Act ("FOIA") request for the investigating officer's report with all endorsements for an Equal Opportunity complaint he previously submitted based on allegations of racial discrimination. *See* Declaration of Lt. Clayton S. McCarl, III ¶ 4.

2. The Commander, Naval Air Forces Pacific ("Commander") provided the final endorsement on that investigation, and his staff located the responsive investigation with all endorsements and enclosures in the command legal files organized in a folder by Plaintiff's command name. McCarl Decl. ¶ 4.

3. The Commander responded to Plaintiff's FOIA request for an Equal Opportunity ("EO") Investigation in a first production on May 17, 2019. McCarl Decl. ¶ 4.

4. Plaintiff appealed the (b)(5) and (b)(6) redactions, and the Navy denied Plaintiff's FOIA appeal in the first of four letters from the Director of the General Litigation Division on July 30, 2019. McCarl Decl. ¶ 4, Exhibit B.

5. Plaintiff filed suit under the Freedom of Information Act on October 3, 2019. Compl. (ECF No.1).

6. In a second letter dated November 5, 2019, the Navy amended its prior decision and directed the Commander to process Plaintiff's request under both FOIA and the Privacy Act. McCarl Decl. ¶ 5, Exhibit C.

7. On December 6, 2019, the Commander made a second production for Plaintiff's request based on both FOIA and the Privacy Act. Plaintiff appealed the second production, and the Navy denied the appeal in its third letter, dated March 31, 2020. The third letter included a determination that the Privacy Act did not apply. The third letter also determined that (b)(7)(C) applies to the (b)(6) material. McCarl Decl. ¶ 5, Exhibit D.

8. Unlawful discrimination under the Navy Equal Opportunity Program Manual, OPNAVINST 5354.1G (July 24, 2017), is a punitive order for Naval service members. "The full range of administrative and disciplinary actions is available to address substantiated harassment or unlawful discrimination allegations. These include, but are not limited to, formal counseling, comments in fitness reports and evaluations, non-judicial punishment ("NJP"), courts-martial, and administrative separation." OPNAVINST 5354.1G at 1-2. McCarl Decl. ¶ 5

9. In its third letter to Plaintiff, the Navy provided the opportunity to view the unredacted record. "LT Savage or his counsel will be allowed to read the report in its entirety, without any redactions, and take appropriate notes, but not photocopy or otherwise reproduce the report as I find that the FOIA protects this investigation from public release." McCarl Decl. ¶ 6, Exhibit D at 2.

10. Plaintiff's counsel did review the full, undredacted report on April 20, 2020. McCarl Decl. ¶ 6.

11. In a fourth letter on June 1, 2020, the Navy amended its decision and determined that the Privacy Act does apply. The Navy found that, under the Privacy Act, (d)(5) exemptions also applied to the material withheld under FOIA (b)(5). McCarl Decl. ¶ 7, Exhibit E.

12. Ultimately, the Navy withheld some information from the responsive records to Plaintiff's request under FOIA exemptions (b)(5), (b)(6), (b)(7)(C), and Privacy Act emption (d)(7). *See* Vaughn Index, Exhibit A.

13. Page 64 of the second production erroneously redacted the entire page rather than the specific (b)(6) material identified in the first production. McCarl Decl. ¶ 8, Exhibit F

14. Although referenced in records produced to Plaintiff, the Commander does not assert FOIA exemption (b)(3)(A). McCarl Decl. ¶ 9.

15. The Commander's Judge Advocate explained the harm of release of the information withheld under FOIA Exemptions (b)(5) and (b)(6) in an attached memo. McCarl Decl. ¶ 10, Exhibit G.

16. The Navy determined that the Commander's redactions of proposed findings and opinions not accepted into the final report contain the subjective evaluations of the Investigating Officer presented to the final endorser for review. McCarl Decl. ¶ 10.

17. The Navy determined that the release of the proposed findings and opinions could have a chilling effect on the frank and free discussion by investigating officers, reviewers, approving authorities, and their staffs. McCarl Decl. ¶ 10.

18. The Navy further determined that the release of personally identifiable information redacted under FOIA exemptions (b)(6) and (b)(7C) would pose a risk of retaliation against cooperating witnesses, and discourage future cooperation with Equal Opportunity investigations. McCarl Decl. ¶ 10.

19. Plaintiff amended his complaint June 22, 2020, to raise both FOIA and Privacy Act claims.  Am. Compl. (ECF No. 10).

Dated: August 6, 2020          Respectfully submitted,

                                            MICHAEL R. SHERWIN
                                            Acting United States Attorney

                                            DANIEL F. VAN HORN, D.C. Bar No. 924092
                                            Chief, Civil Division

By:   /s/   *Christopher C. Hair*
                                        CHRISTOPHER C. HAIR, PA Bar No. 306656
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2541
                                        christopher.hair@usdoj.gov

                                        *Counsel for Defendant*