IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**COURTLAND SAVAGE,**

*Plaintiff,*

v.

**DEPARTMENT OF THE NAVY,**

*Defendant.*

**Civil Action No. 19-2983 (ABJ)**

## DECLARATION OF LIEUTENANT CLAYTON SWEARINGEN MCCARL, III, JAGC, USN

I, CLAYTON SWEARINGEN MCCARL, III, declare:

1.    I am a lieutenant on active duty in the United States Navy ("USN").    I presently serve as a general litigation attorney in the Department of the Navy ("DON"), Office of the Judge Advocate General ("OJAG"), General Litigation Division ("Code 14").    I have served in this position since January 2020.

2.    I am the agency counsel from the DON currently assigned to this case.    I have been assigned as the agency counsel for this case since July 2020.    The statements I make in this declaration are made on the basis of my own personal knowledge, my review of files relating to this case, and information I have received in the performance of my official duties.

3.    Prior to my assignment as agency counsel for this case, CDR Jonathan E. Dowling, JAGC, USN, was assigned as agency counsel from the time of the initial complaint.

4.    Plaintiff submitted a Freedom of Information Act (FOIA) request for the investigating

1

officer's report with all endorsements for an Equal Opportunity complaint he previously submitted

based on allegations of racial discrimination.    The Commander, Naval Air Forces Pacific

(COMNAVAIRPAC[1]) provided the final endorsement on that investigation, and his staff located

the responsive investigation with all endorsements and enclosures in the command legal files

organized in a folder by Plaintiff's command name.    The COMNAVAIRPAC responded to

Plaintiff's FOIA request for an Equal Opportunity (EO) Investigation in a first production on May

17, 2019.    Plaintiff appealed the (b)(5) and (b)(6) redactions, and the Navy denied Plaintiff's FOIA

appeal in the first of four letters from the Director of the General Litigation Division on July 30,

2019.   Exhibit B.    Plaintiff filed suit under the Freedom of Information Act on October 3, 2019.

    5.    In a second letter dated November 5, 2019, the Navy amended its prior decision and

directed the COMNAVAIRPAC to process Plaintiff's request under both FOIA and the Privacy

Act.    Exhibit C.    On December 6, 2019, the COMNAVAIRPAC made a second production for

Plaintiff's request based on both FOIA and the Privacy Act.    Plaintiff appealed the second

production, and the Navy denied the appeal in its third letter, dated March 31, 2020.    Exhibit D.

The third letter included a determination that the Privacy Act did not apply.    The third letter also

determined that (b)(7)(C) applies to the (b)(6) material.    Unlawful discrimination under the Navy

Equal Opportunity Program Manual, OPNAVINST 5354.1G (July 24, 2017), is a punitive order for

Naval service members.    "The full range of administrative and disciplinary actions is available to

address substantiated harassment or unlawful discrimination allegations. These include, but are not

limited to, formal counseling, comments in fitness reports and evaluations, non-judicial punishment

(NJP), courts-martial, and administrative separation."    OPNAVINST 5354.1G at 1-2.    The 10th

---

[1]  The COMNAVAIRPAC is dual-hatted as Commander, Naval Air Forces (COMNAVAIRFOR).

Circuit considered similar facts in *Ford* and determined that the military investigation "was one compiled for law enforcement purposes, as the investigation centered on determining if illegal racial harassment occurred."   *Ford v. West*, No. 97-1342, 1998 U.S. App. LEXIS 12640, at *6 (10th Cir. June 12, 1998).   As in *Ford*, the investigation here into Plaintiff's allegations of illegal racial discrimination was compiled for law enforcement purposes.

6.   In its third letter to Plaintiff, the Navy provided the opportunity to view the unredacted record.   "LT Savage or his counsel will be allowed to read the report in its entirety, without any redactions, and take appropriate notes, but not photocopy or otherwise reproduce the report as I find that the FOIA protects this investigation from public release."   Exhibit D at 2.   Plaintiff's counsel did review the full, undredacted report on April 20, 2020.

7.   In a fourth letter on June 1, 2020, the Navy amended its decision and determined that the Privacy Act does apply.   Exhibit E.   The Navy found that, under the Privacy Act, (d)(5) exemptions also applied to the material withheld under FOIA (b)(5).   Plaintiff amended his complaint June 22, 2020, to raise both FOIA and Privacy Act claims.   The attached Exhibit A is the *Vaughn* index for the COMNAVAIRPAC's withholdings in this matter, based on the second production to Plaintiff.

8.   Based on my review of the record, I find that page 64 of the second production erroneously redacted the entire page rather than the specific (b)(6) material identified in the first production.   I attach a copy of page 64 as originally released to Plaintiff in the first COMNAVAIRPAC production.   Exhibit F.

9.   Based on my review of the record, I find that COMNAVAIRPAC relied on (b)(3)(A) in eight pages of its first production and made no reference to it in the second production.   The

3

various appeals and denials made no reference to (b)(3)(A) material.   As described in the attached *Vaughn* index, all information labeled (b)(3)(A) in the first production were names and identifying personal information also redacted under (b)(6).   The second production uses the label "(b)," which it uses for all materials previously redacted under (b)(6).   I find that the COMNAVAIRPAC no longer asserts (b)(3)(A), and the remaining arguments are (b)(6) as asserted by the COMNAVAIRPAC and (b)(7)(C) as asserted in the third letter to Plaintiff.

10.    The Judge Advocate for COMNAVAIRPAC explained the harm of release of the information withheld under FOIA Exemptions (b)(5) and (b)(6) in an attached memo.   Exhibit G. The redactions of proposed findings and opinions not accepted into the final report contain the subjective evaluations of the Investigating Officer presented to the final endorser for review. Release of this information could have a chilling effect on the frank and free discussion by investigating officers, reviewers, approving authorities, and their staffs.   Release of personally identifiable information redacted under (b)(6) and (b)(7)(C) protects privacy interests generally, reduces the risk of retaliation against cooperating witnesses, and encourages future cooperation with Equal Opportunity investigations.

11.    For the reasons above, the COMNAVAIRPAC conducted a reasonable search, located all records responsive to Plaintiff's request, and lawfully withheld some material under FOIA exemptions (b)(5), (b)(6), and (b)(7), as well as Privacy Act exemption (d)(5).   The COMNAVAIRPAC also produced all reasonably segregable information, as demonstrated by the exact list of redactions and edits made to the final report on pages 2 and 3 of the release.

I declare under penalty of perjury that the foregoing is true and correct.

August 6th, 2020
Date

CLAYTON SWEARINGEN MCCARL, III

4

# EXHIBIT A

LT McCarl Declaration Exhibit A (Vaughn Index)

| Document/ Page Numbers | Description of Redacted Portion of the Investigation | Exemption(s) Cited | Content of withheld portion; reason for withholding |
|---|---|---|---|
| 1-136 | General comment on redacted or withheld personal information of DoD-personnel | (b)(6), (b)(7)(C) | Throughout the released documents, personal and identifying information about DoD personnel have been redacted under exemption (b)(6).  With the exception of flag-level officers and other designated positions, DoD personnel have a privacy interest in their personal information that is not outweighed by the asserted public interest in this case.  The first production labeled these redactions "(b)(6)," but the second production only labeled the redactions "(b)."  All redactions in the second production labeled "(b)" are in fact (b)(6) and (b)(7)(C) redactions. |
| 64 | Investigation enclosure: NATOPS Evaluation | (b)(6) (error) | On page 64 of the second production, the entire page was mistakenly redacted rather than just the (b)(6) material.  The first production included a correctly redacted page 64 which withheld only personal and identifying information about DoD personnel.  The remainder of the page contains releasable information about training and qualifications. |
| 7-21 | Findings of fact and opinions from the Investigating Officer which were not adopted by the Final Endorser | (b)(5) / (d)(5) | The Investigating Officer prepared his report and routed it to the Commander, Naval Air Forces, for final endorsement. Pages 6-22. In the endorsement, the Commander, Naval Air Forces, stated, "Subject to the following modifications the findings and opinions are approved." Page 2.  The endorsement then identifies the exact, line-by-line changes to the paragraphs in the Investigating Officer's pre-decisional report.  The first production labeled these redactions (b)(5) under FOIA because the redactions contain the subjective evaluations of the Investigating Officer presented to the final endorser for review.  Release of this information could have a chilling effect on the frank and free discussion by investigating officers, reviewers, approving authorities, and their staffs. The second production labeled these redactions (d)(5) under the Privacy Act because the investigation, report, and proposed findings were compiled in anticipation of a potential criminal or quasi-judicial administrative hearing based on alleged unlawful discrimination as described in Navy Equal Opportunity Program Manual, OPNAVINST 5354.1G.  The FOIA/PA appeal denial letter dated June 1, 2020, fully explains the Navy's reasons for applying the Privacy Act (d)(5) exemption. |
| 119-126 (Pages 118-125 in the first production.  The second production inserted a single-page table at 118 which increased the page count from 135 to 136.) | Names of personnel | (b)(3)(a) / (b)(6) | In eight pages of the first production, the redactions for names of personnel cited both (b)(3)(a) and (b)(6).  The second production labels those redactions "(b)."  Although (b)(3) status has not been challenged during FOIA appeals, the government does not rely on (b)(3) exemptions for the purposes of litigation and asserts (b)(6) and (b)(7)(C) for the redactions of personal and identifying information about DoD personnel. |

# EXHIBIT B



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/187
July 29, 2019

Carol Thompson
The Federal Practice Group
1750 K Street
Washington, D.C. 20006
cthompson@fedpractice.com

FOIA Appeal Submitted on behalf of:
Lieutenant Courtland Savage, United States Navy

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST DON-NAVY-
          2019-005892; FOIA APPEAL DON-NAVY-2019-007817

   This letter responds to your FOIA appeal which was received by my office on June 24,
2019.  You appeal the (b)(5) and (b)(6) redactions to the Equal Opportunity (EO)
Investigation by Commander, Naval Air Forces Pacific (COMNAVAIRPAC), the initial
denial authority (IDA), requested by LT Savage. Specifically, you claim the IDA asserted
the deliberative process privilege inappropriately and withheld names under FOIA
exemption (b)(6) improperly.

   Your appeal is a request for a final determination under the FOIA.  For the reasons stated
below, your appeal is denied.

   In his FOIA request, LT Savage seeks the "final report and all Command endorsements"
for the COMNAVAIR's EO Investigation that followed LT Savage's Equal Opportunity
("EO") Complaint at VFA-106.  The final COMNAVAIR endorsement for this EO
Investigation was signed on May 13, 2019, approving the findings of fact of the
Investigating Officers, but subject to 22 specific modifications in the form of amendments
or deletions.  I have been further informed that on May 17, 2019, your client was provided
with the endorsed EO Investigation, enclosures, and final endorsement (with certain
exempted materials redacted).

   FOIA Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters
which would not be available by law to a party other than an agency in litigation with the
agency." 5 U.S.C. § 552(b)(5).  Exemption 5 also incorporates certain civil discovery
privileges into the FOIA, one of which is relevant to this case: the deliberative process
privilege.  The deliberative process privilege seeks to encourage open, frank discussion;
protect against premature disclosure of proposed policies; and guard against public

5720
Ser 14/187
July 30, 2019

confusion from release of reasons and rationales that were not ultimately the basis for agency decisions. *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (opining that the "quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl"). In short, it protects the integrity of agency's decision-making processes where release of responsive documents would harm the decision-making process.

For the deliberative process privilege to apply, the information in question must be predecisional and deliberative. A document is "predecisional" if it is "generated before the adoption of an agency policy." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). Courts have found information to be "deliberative" where it reflects "the give-and-take of the consultative process," either by assessing the merits of a particular viewpoint, or by articulating the process used by the agency to formulate a decision. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 867 (D.C. Cir. 1980); *Brennan Ctr. For Justice at New York Univ. Scho. Of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 194 (2d Cir. 2012) (deliberative records are those that are related to the process by which policies are formulated). Courts have further protected under the deliberative process privilege material that would expose the opinions, advice, or recommendations offered in the course of agency decisionmaking. *Elec. Frontier Found. v. DOJ*, 892 F. Supp. 2d 95, 102 (D.D.C. 2012) (protecting material that "constitutes advice used by decision-makers at the FBI…in the context of their efforts to ensure that any [FBI] information-gathering procedures fully comply with the law") (internal quotations omitted), aff'd, 739 F.3d 1 (D.C. Cir. 2014). Examples of deliberative documents include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980); see also *Access Reports v. DOJ*, 926 F.2d 1192, 1196 (D.C. Cir. 1991) (upholding use of privilege where withheld documents had been shown to contribute to agency's decisionmaking process).

Your first argument on appeal is that FOIA exemption (b)(5) was improperly asserted. Upon receiving your appeal my office contacted the IDA. The IDA provided my office with unredacted copies of the responsive records. I have reviewed the material in question and find that the redacted material was appropriately exempted under the FOIA.

The materials that were withheld included, *inter alia,* an executive summary the Commander ordered deleted (as being duplicative of the findings of fact and opinions in the body of the investigation); findings of fact; and certain opinions. More specifically, I have verified that all of the (b)(5) exemptions that were taken in the report were specifically from the disapproved findings of fact or opinions that were deemed by the IDA to either be duplicative, in need of amendment, or in the nature of personal opinions unnecessary to substantiate the conclusions of the investigation. This material includes subjective evaluations of the investigating officer and is considered "draft" material as it was not approved in the final investigation. Because this redacted information is draft material, it

2

5720
Ser 14/187
July 30, 2019

falls within the deliberative process privilege, namely that it is draft and pre-decisional, and thus was properly redacted pursuant to FOIA exemption (b)(5), and do not reflect the Commander's final decisions.  I also note that you received all of the factual amendments in the Commander's endorsement to the EO Investigation.  I am also satisfied that release of this privileged information will create a chilling effect upon the willingness of subordinate employees to provide honest and candid advice to superiors.  As such, your appeal on the basis of improper (b)(5) redactions under the FOIA is also denied.

   The second issue you raise on appeal is alleged improper redactions under FOIA exemption (b)(6).  FOIA Exemption (b)(6) allows the Government to withhold information about individuals when the disclosure of such information would constitute "a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  This requires a balancing of personal privacy interests against the public interest served by disclosure – whether the release of the information will shed light on the agency's performance of its statutory duties.  An unwarranted invasion of personal privacy is one where disclosure would compromise a substantial privacy interest. *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989).  A substantial privacy interest is anything more than a de minimums one.  *Multi AG Media LLC v. U.S. Dep't of Agric*., 515 F.3d 1224, 1229-30 (D.C. Cir. 2008).   Courts have held that substantial privacy interests cognizable under the FOIA are generally found to exist in such personally identifying information as a person's name, address, email address, image, computer user ID, job title, phone number, date of birth, criminal history, medical history, and social security number.  *See Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982); *see also Performance Coal Co. v. U.S. Dep't of Labor,* No. 10-1698, 2012 WL 746411, at *8 (D.D.C. Mar. 7, 2012).  Specifically, Courts have held "signatures, personal phone numbers, personal email addresses, and government email addresses were properly redacted" under FOIA exemption (b)(6) for military members due to heightened  privacy interests.  *Wilson v. United States Air Force*, No. 08-324, 2009 WL 4782120, at *4 (E.D. Ky. Dec. 9, 2009)   If the agency finds a substantial privacy interest exists, it then analyzes the public interest in that record's release. *Multi AG Media LLC,* 515 F.3d at 1229.

   Where an agency finds that a legitimate privacy interest exists, the requester must "(1) show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake, and (2) show the information is likely to advance that interest."  *Boyd v. Criminal Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007)(quotations omitted).  The Supreme Court ruled that disclosure must "contribute significantly to public understanding of the operations or activities of the government." *Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989).  Additionally, the Supreme Court limited the concept of public interest under the FOIA to the "core purpose" for which Congress enacted it: To shed light on an agency's performance of its statutory duties. *Id.*

5720
Ser 14/187
July 30, 2019

In this case, I have determined that the individuals whose identities have been redacted still have substantial privacy interests in their names and e-mail addresses, which outweighs a public interest in release.  None of the personally identifiable information pertains to DOD personnel in division director offices or of the O-6 rank or flag officers.

Furthermore, release of such information is not likely to shed any light on the performance of the Department of the Navy in its duties.  Rather, release of such information would raise privacy and security concerns.  *See, e.g., George v. Internal Revenue Service, et al.,* 2007 U.S. Dist. LEXIS 36525 (N.D. Ca 2007); *Wilson v. United States Air Force,* 2009 U.S. Dist. LEXIS 114702 (E.D. Ky 2009)*; Schoenman v. Federal Bureau of Investigation, et al.,* 575 F. Supp. 2d 136 (D.D.C. 2008).  *See also Am. Mgmt. Servs., LLC v. Dep't of the Army*, No. 11-442, 2012 U.S. Dist. LEXIS 8124, at *10 (E.D. Va. Jan. 23, 2012) (holding that DOD employees have a "substantial privacy interest" in their names and contact information).  I am also concerned that release of such information will permit these individuals to be harassed or intimidated in the performance of their duties.  Release of the identities of these personnel would put them at unnecessary risk because of their association with the DoD.

Finally, it is your burden, not the burden of the Initial Denial Authority under FOIA, to show a public interest that would "contribute significantly to public understanding of the operations or activities of the government." *Reporters Comm. for Freedom of Press*, 489 U.S. at 775.  I find that the disclosure of names and email addresses will do little, if anything, to shed light on the operation of the government and instead would put at risk substantial privacy rights.  Specifically, Courts have held when a requester seeks information concerning the identity of individuals, he generally "does not intend to discover anything about the conduct of the agency that has possession of the requested records." *Reporter's Comm.* at 773, *see also Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 666, 358 U.S. App. D.C. 334 (D.C. Cir. 2003) (rejecting the  asserted public interest in redacted names and other identifying information—to "shed light on the workings of government by permitting closer public scrutiny of the . . . investigations").  *See also Citizens for Responsibility & Ethics in Wash. v. United States DOJ*, 870 F. Supp. 2d 70, 81, 2012 U.S. Dist. LEXIS 80887, *20-23.  Moreover,  "[W]hen . . . governmental misconduct is alleged as the justification for disclosure (of an identity), the public interest is 'insubstantial' unless the requester puts forward 'compelling evidence that the agency denying the FOIA request is engaged in illegal activity' and shows that the information sought 'is necessary in order to confirm or refute that evidence.'" *Davis v. DOJ*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *SafeCard*, 926 F.2d at 1205-06); *see also McGehghy v. DEA*, No. C 97-0185, slip op. at 10 (N.D. Iowa May 29, 1998) (holding that there is "no compelling public interest rationale" for disclosing the names of law enforcement officers, private individuals, investigative details, or suspects' names from DEA files).

I also find your argument that disclosure of the information withheld under FOIA exemption (b)(6) would show "abuse of authority . . . (and) whether public servants carried

4

5720
Ser 14/187
July 30, 2019

out duties in a law abiding manner" to be insufficient to establish a public interest that sheds light on government operations.  Rather, I find you are seeking the information to have it for its own sake.

Your client has been provided the ranks and duty titles of the individuals whose names have been redacted in the EO investigation and in any statements they gave to the Investigating Officer.  Aside from clear case law prohibiting release of information for non-division directors or Flag or General officers, I would like to point your attention to what one of our highest courts have said regarding the privacy rights of government employees:

> One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.

*Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978).   As such, the portion of your appeal challenging the redaction of personally identifiable information is also denied.

As the Department of the Navy's designated adjudication official for this FOIA appeal, I am responsible for the denial of your appeal.  You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court.  My office represents the U.S. government and is, therefore, unable to assist you in this process.  If you would like to seek dispute resolution services, you have the right to contact the Department of the Navy's FOIA public liaison, Mr. Chris Julka, at christopher.a.julka@navy.mil or (703) 697-0031. If you have further questions or concerns, my point of contact is Major James McKeon, USMC, who may be reached at james.mckeon@navy.mil or (202) 685-4596.

Sincerely,

*G. E. Lattin*

G. E. LATTIN
Director
General Litigation Division

Copy to:
COMNAVAIRPAC
DNS-36
DON OCIO

5

# EXHIBIT C



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/028
November 5, 2019

Carol Thompson
The Federal Practice Group
1750 K Street
Washington, D.C. 20006
cthompson@fedpractice.com

FOIA Appeal Submitted on behalf of:
Lieutenant Courtland Savage, United States Navy

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST DON-NAVY-
          2019-005892; FOIA APPEAL DON-NAVY-2019-007817

   This letter amends this office's decision letter issued on July 29, 2019 in response to your
FOIA appeal which was received by my office on June 24, 2019.  You appeal the (b)(5) and
(b)(6) redactions to the Equal Opportunity (EO) Investigation by Commander, Naval Air
Forces Pacific (COMNAVAIRPAC), the initial denial authority (IDA), requested by LT
Savage.  Specifically, you claim the IDA inappropriately asserted the deliberative process
privilege and improperly withheld names under FOIA exemption (b)(6).

   Your appeal is a request for a final determination under the FOIA.  For the reasons stated
below, your appeal is denied in part and granted in part.

   Your appeal is denied in part for the reasons stated in my decision letter issued on July
29, 2019.  Your appeal is granted in part to the extent that, by copy of this letter, I am
directing COMNAVAIRPAC to process your request for the investigation report and
endorsements under the Privacy Act in accordance with the Navy Equal Opportunity
Program Manual, OPNAVINST 5354.1G (24 July 2017).  In particular, this instruction
provides the following:

          When requested, the command must provide a redacted copy of the investigating
          officer's final report (as directed by the Privacy Act of 1974 and other applicable
          laws and regulations) to the complainant and alleged offender.

OPNAVINST 5354.1, Chapter 4, paragraph 3(f.)(8).  In processing the request, I note that
the deliberative process privilege does not apply under the Privacy Act.  *Savada v. United
States Dep't of Def.*, 755 F. Supp. 6, 9 (D.D.C. 1991) ("[A]lthough the deliberative process

5720
Ser 14/028
November 5, 2019

privilege exempts these documents from release under FOIA, the privilege does not exempt
the document from release under the Privacy Act.").

   As the Department of the Navy's designated adjudication official for this FOIA appeal, I
am responsible for the partial denial of your appeal.  You may seek judicial review of this
decision by filing a complaint in an appropriate U.S. District Court.  My office represents
the U.S. government and is, therefore, unable to assist you in this process.  If you would like
to seek dispute resolution services, you have the right to contact the Department of the
Navy's FOIA public liaison, Mr. Chris Julka, at christopher.a.julka@navy.mil or (703) 697-
0031. If you have further questions or concerns, my point of contact is Major James
McKeon, USMC, who may be reached at james.mckeon@navy.mil or (202) 685-4596.

                    Sincerely,

                    *G. E. Lattin*

                    G. E. LATTIN
                    Director
                    General Litigation Division


Copy to:
COMNAVAIRPAC
DNS-36
DON OCIO

2

# EXHIBIT D



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/148
March 31, 2020

Ms. Carol Thompson
The Federal Practice Group
1750 K Street
Washington, D.C. 20006
Email to: cthompson@fedpractice.com
Submitted on behalf of Lieutenant Courtland Savage, United States Navy

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST DON-NAVY-
2019-005892; FOIA/PRIVACT ACT (PA) APPEAL DON-NAVY-2020-
003861

   This letter responds to your FOIA/PA appeal which was received by my office on
January 31, 2020, given the tracking number 2020-003861.  Your underlying FOIA
request, DON-NAVY-2019-005892, was submitted to Commander, Naval Air Forces
Pacific (COMNAVAIRPAC), the initial denial authority (IDA), and sought an Equal
Opportunity (EO) Investigation in which your client, LT Savage, participated in.  The
IDA produced the requested investigation, subject to redactions made pursuant to FOIA
exemptions (b)(5) and (b)(6).   You appealed that decision to my office and on July 29,
2019, I affirmed the IDA's decisions in FOIA appeal DON-NAVY-2019-007817.
Subsequently, you initiated litigation with the Department of the Navy in the Federal
District Court for the District of Columbia in *Savage v. Department of the Navy*, seeking
judicial review of the final agency action in DON-NAVY-2019-007817.

   On November 5, 2019, I amended my decision in DON-NAVY-2019-007817 and
remanded your appeal to the IDA to consider a release of the investigation under the
Privacy Act.  The IDA subsequently produced to you the investigation you seek with
redactions made pursuant to FOIA exemption (b)(5), PA exemption (d)(5) for all
deliberative process material, and FOIA exemption (b)(6) for third party names and other
factual information that could compromise personal privacy.  You now have submitted
another administrative appeal, this time arguing for release of the (b)(5)/(d)(5) material,
specifically arguing the information you seek to be released cannot be withheld under the
Privacy Act.

   Your appeal is a request for a final agency determination under the FOIA and PA.  For
the reasons stated below, your appeal is denied.  However, before addressing the legal
basis for the appeal, I would like to inform you that the Navy will afford LT Savage an
opportunity to review the completed EO Investigation pursuant to OPNAVINST
5354.1G, The Navy Equal Opportunity Program Manual.  This instruction, in Chapter 4,

5720
Ser 14/148
March 31, 2020

section 1(e) allows the complainant to review the report after final action has been taken. It should be noted that OPNAVINST 5354.1G allows for a review of EO investigations by the complainant, but only in accordance with the FOIA and PA.  This means that ordinarily, complainants are allowed to review the completed report subject to FOIA and PA redactions.  Here, as discussed below, I am affirming the IDAs decisions and independently also finding FOIA exemption (b)(7)(C) applies to this investigation.

In conjunction with this FOIA/PA appeal my office has contacted the IDA and they have agreed to allow LT Savage or his counsel access the requested records in order to conduct an appeal as allowed for in OPNAVINST 5354.1G.  LT Savage or his counsel will be allowed to read the report in its entirety, without any redactions, and take appropriate notes, but not photocopy or otherwise reproduce the report as I find that the FOIA protects this investigation from public release.  Specifically, if LT Savage is produced a copy of the investigation, this would constitute a public release of this information under the FOIA, and later, third party FOIA requesters must also be provided a copy under the FOIA doctrine of "release to one, release to all." Specifically, a subsequent FOIA requester would be able to argue the information is publicly available and must be re-released.  *See Moore v. CIA*, 666 F.3d 1330, 1333, 399 U.S. App. D.C. 63 (D.C. Cir. 2011) holding that subsequent FOIA releases "(1) must be as specific as the information previously released; (2) the information requested must match the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure."  *Moore v. CIA*, 666 F.3d 1330, 1333, 399 U.S. App. D.C. 63 (D.C. Cir. 2011).  Likewise, if LT Savage is produced a copy of the investigation under the FOIA, he may disseminate it to third parties, further compromising the privacy interests of those involved in the investigation, or chilling the advice subordinates give to commanders before a final agency decision is made.

Therefore, by separate correspondence the IDA will contact you or LT Savage to coordinate access to the investigation.  Please feel free to contact my office if viewing of the investigation at a Department of Defense facility physically closer to you or your client is preferable.

As detailed in your appeal and previous actions by my office I have instructed the IDA to conduct an analysis of a release of these records under the FOIA and PA.  However, after independent research and further analysis, and for the following reasons, I find the PA does not apply to the investigation you seek and your appeal is denied.

## I.      The Privacy Act Does Not Apply To The Requested Investigation

The PA states in relevant part in 5 U.S.C. § 552a(d)(1):

2

5720
Ser 14/148
March 31, 2020

> Each agency that maintains a system of records shall . . . upon request by any individual to gain
> access to his record or to any information pertaining to him which is contained in the system,
> permit him and upon his request, a person of his choosing to accompany him, to review the
> record and have a copy made of all or any portion thereof in a form comprehensible to him,
> except that the agency may require the individual to furnish a written statement authorizing
> discussion of that individual's record in the accompanying person's presence.

A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

To satisfy the PA's "system of records" requirement, "it is not sufficient that an agency has the capability to retrieve information indexed under a person's name, but the agency must in fact retrieve records in this way." *Henke v. U.S. Department of Commerce*, 83 F.3d 1453, 1460 (D.C. Cir. 1996). Retrievability alone is insufficient to satisfy the system of records "retrieved by" requirement. See *York v. McHugh*, No. 09-075, 2012 WL 1014503, at *1, *9 (D.D.C. Mar. 27, 2012).

In this case, the investigation is not retrievable by LT Savage's name and therefore he does not have PA access to this investigation. Specifically, after receiving your appeal, my office contacted the IDA and requested clarification on the method of retrieving this investigation. The IDA indicated this EO investigation is retrievable by a generic control number based on annual correspondence (097) and the Navy Standard Subject Identification Code (SSIC) (5354). It is not retrievable by any name(s). Specifically, the IDA informed my office that it maintains EO investigations in hard copy, paper forms and electronically. Hard copy records are organized by year and date, SSIC and correspondence number, not by the name of the subject or complainant. Electronic copies are stored on a restricted access share drive, organized by year, and unit where the investigation took place. One could not type "SAVAGE" into an electronic share drive or other system and retrieve this investigation. Therefore, as the records you seek are not in a system of records searchable by your client's personal information, the PA does not apply and your argument for release of the investigation, specifically any material that would be considered deliberative process, under the Privacy Act, must be denied.

## II.   FOIA Exemption (b)(5) Applies to the Deliberative Material You Seek

Your initial appeal, litigation, and current appeal all argue for release of specific material in the "Executive Summary," findings of fact, and certain opinions withheld pursuant to FOIA exemption (b)(5). FOIA Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 incorporates certain civil discovery privileges into the FOIA, one of which is relevant to this case: the deliberative process privilege. The deliberative process privilege seeks to

encourage open, frank discussion; protect against premature disclosure of proposed policies; and guard against public confusion from release of reasons and rationales that did not ultimately form the basis for agency decisions. *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 773 (D.C. Cir. 1988) (opining that the "quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl"). In short, it protects the integrity of an agency's decision-making processes where release of responsive documents would harm the decision-making process.

For the deliberative process privilege to apply, the information in question must be predecisional and deliberative. A document is "predecisional" if it is "generated before the adoption of an agency policy." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). Courts have found information to be "deliberative" where it reflects "the give-and-take of the consultative process," either by assessing the merits of a particular viewpoint, or by articulating the process used by the agency to formulate a decision. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 867 (D.C. Cir. 1980); *Brennan Ctr. For Justice at New York Univ. Scho. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 194 (2d Cir. 2012) (deliberative records are those that are related to the process by which policies are formulated). Courts have further protected under the deliberative process privilege material that would expose the opinions, advice, or recommendations offered in the course of agency decisionmaking. *Elec. Frontier Found. v. DOJ*, 892 F. Supp. 2d 95, 102 (D.D.C. 2012) (protecting material that "constitutes advice used by decision-makers at the FBI…in the context of their efforts to ensure that any [FBI] information-gathering procedures fully comply with the law") (internal quotations omitted), aff'd, 739 F.3d 1 (D.C. Cir. 2014). Examples of deliberative documents include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980); see also *Access Reports v. DOJ*, 926 F.2d 1192, 1196 (D.C. Cir. 1991) (upholding use of privilege where withheld documents had been shown to contribute to an agency's decisionmaking process.).

More specifically, I have verified that all of the (b)(5) exemptions that were taken in the report were specifically from the disapproved findings of fact or opinions that were deemed by the IDA to either be duplicative, in need of amendment, or in the nature of personal opinions unnecessary to substantiate the conclusions of the investigation. This material includes subjective evaluations of the investigating officer and is considered "draft" material as it was not approved in the final investigation. Because this redacted information is draft material, it falls within the deliberative process privilege, namely that it is pre-decisional, and thus was properly redacted pursuant to FOIA exemption (b)(5), and does not reflect the Navy's final decisions. *See Access Reports,* 926 F.2d at 1196. I also note that you received all of the factual amendments in the Commander's endorsement to the EO Investigation. I also find that release of the withheld privileged information will create a chilling effect upon the willingness of subordinate employees to

provide honest and candid advice to superiors.  *See Wolfe,* 839 F.2d at 773.  I ultimately understand that you believe the (b)(5) material will support your client's claims of EO violations.  However, weighing the importance of this issue against the chilling effect such a release would have on honest advice given to Commanders, that investigators would be second guessing their opinions, concerned over a future public release, I must deny your appeal.  As such, your appeal on the basis of improper (b)(5) redactions under the FOIA is denied.

### III.     FOIA Exemption (b)(7)(C) Also Applies to All (b)(6) Material

Lastly, while not argued in any of your appeals, I nonetheless, independent of the IDA's decision, find FOIA exemption (b)(7)(C) applies to all of the material redacted pursuant to FOIA exemption (b)(6).  I have included this section to explain the seriousness of the overall nature of the investigation and in the case of later litigation or if other requesters later seek third party identities or factual information that could compromise personal privacy.

As exemption (b)(7)(C) also protects against an unwarranted invasion of personal privacy, it will be discussed in conjunction with FOIA exemption (b)(6). FOIA exemption (b)(6) allows the Government to withhold information about individuals when the disclosure of such information would constitute "a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  This requires a balancing of personal privacy interests against the public interest served by disclosure – whether the release of the information will shed light on the agency's performance of its statutory duties.  An unwarranted invasion of personal privacy is one where disclosure would compromise a substantial privacy interest.  *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989).  A substantial privacy interest is anything more than a *de minimus* one.  *Multi AG Media LLC v. U.S. Dep't of Agric*., 515 F.3d 1224, 1229-30 (D.C. Cir. 2008).  If the Court finds a substantial privacy interest exists, it then analyzes the public interest in that record's release.  *Id*.

FOIA exemption (b)(7)(C) provides protection for law enforcement information, the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  Exemption (b)(7)(C) is the law enforcement counterpart to exemption (b)(6).  Despite the similarities in language between exemptions (b)(6) and (b)(7)(C), the relative sweep of the two exemptions can be significantly different.  Under the balancing test that traditionally has been applied to both exemptions (b)(6) and (b)(7)(C), the agency must first identify and evaluate the privacy interest(s), if any, implicated in the requested records.  Exemption (b)(7)(C) "establishes a lower bar [than exemption 6] for withholding material," *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011).  Thus, in situations where the records requested under the FOIA are law enforcement related, Courts will focus their analysis on

whether the records were properly withheld under exemption (b)(7)(C).  *See Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 298 n. 15 (D.D.C. 2011).

Courts have long recognized, either expressly or implicitly, that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation."  *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Branch v. FBI*, 658 F. Supp. 204, 209 (D.D.C. 1987)); accord *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993) (same); *Miller v. Bell*, 661 F.2d 623, 631-32 (7th Cir. 1981).  This is true whether the person is the subject of the investigation or only a witness.  Thus, exemption (b)(7)(C) has been regularly applied to withhold references to persons who are not targets of investigations and who were merely mentioned in law enforcement files, as well as to persons of "investigatory interest" to a criminal law enforcement agency.  *Peltier v. FBI*, 563 F. 3d 754, 766 (8th Cir. 2009) (per curiam) (affirming district court's determination that third parties mentioned within released records were properly withheld).  That said, Courts have also held that in situations where requested documents shed light on misconduct by senior public officials, public interest can weigh in favor of disclosure. *Cochran v. United States*, 770 F.2d 949 (11th Cir. 1985); *Chang v. Department of Navy*, 314 F.Supp.2d 35 (D.D.C. 2004).

Where a court finds that a legitimate privacy interest exists, the requester must "(1) show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake, and (2) show the information is likely to advance that interest."  *Boyd v. Criminal Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007)(quotations omitted).   "[T]he only public interest relevant for purposes of exemption (7)(C) is one that focuses on the citizens' right to be informed about what their government is up to."  *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quotations omitted).  Accordingly, a court must determine whether the disclosure "contribut[es] significantly to public understanding of the operations or activities of the government." *Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989).

## 1.  Privacy Interest in Unfounded Allegations

Under FOIA exemption (b)(7)(C) the standard for release of information for unfounded allegations is much higher, generally prohibiting release of information regardless of military rank or government employment status.  Accusations and derogatory statements made against specific individuals, if made public, can reasonably be expected to result in an intrusion on those individuals' personal privacy by causing embarrassment and reputational harm, and therefore a privacy interest is established.  *See McCutchen v. Dep't of Health and Human Services, 30 F.3d 183, 187-88, 308 U.S. App. D.C. 121 (D.C. Cir. 1994)*; *Carter v. Dep't of Commerce, 830 F.2d 388, 265 U.S. App. D.C. 240 (D.C. Cir. 1987)*. The subjects of these statements thus have a privacy interest in the non-disclosure of accusations and derogatory statements made against them,

5720
Ser 14/148
March 31, 2020

particularly when they have been found not to have officially committed any misconduct. *McCutchen, 30 F.3d at 188* (finding Health and Human Services scientists accused of misconduct "who have been investigated and exonerated have a substantial privacy interest in remaining anonymous"). This privacy interest is particularly strong when, as in your FOIA request, individuals have been investigated but never publicly charged. *See ACLU* v. *U S. Dep't of Justice,* 655, F.3d 1, 6 (D.C. Cir. 2011). Specifically, as "allegations of government misconduct are easy to allege and hard to disprove" privacy interests are high and the decision to charge is a determinative factor when considering a discretionary release of records. *Crawford-El v. Britton*, 523 U. S. 574, 585 (1998), *see also National Archives & Records Admin. v. Favish,* 541 U.S. 157, 124 S. Ct. 1570, 158 L. Ed. 2d 319 (2004). In summary, the identities of personnel, regardless of rank or status, who have been investigated but not charged will not be released unless "exceptional interests militate in favor of disclosure." *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 861-66 (D.C. Cir. 1981).

## 2.   The Public Interest in Allegations of Misconduct

As to the public's interest in allegations of misconduct, a requester must show how the requested information "contribut[es] significantly to public understanding of the operations or activities of the government." *Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989). An individual who becomes the target of a law enforcement agency investigation, and whose alleged criminal conduct in no way reflects on the law enforcement agency's performance*,* has a significant interest in preventing premature public disclosure of his or her identity under exemption (b)(7)(C). *See Reporters Comm.,* 489 U.S. at 765, 773 (information concerning private citizens "reveals little or nothing about an agency's own conduct"); *Nadler* v. *Department of Justice,* 955 F.2d 1479, 1490 (11th Cir. 1992) ("Enabling the public to learn about the conduct of private citizens is not the type of public interest the FOIA was intended to serve."); *Hopkins,* 929 F.2d at 88 (same). The public interest in knowing the identity of an individual who has been the subject of an investigation is "simply not very probative of an agency's behavior or performance." *SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1206, 288 U.S. App. D.C. 324 (D.C. Cir. 1991).

The Courts have held when a requester seeks information concerning the identity of individuals, "the requestor [generally] does not intend to discover anything about the conduct of the agency that has possession of the requested records." *Reporter's Comm.* at 773, *see also Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 666, 358 U.S. App. D.C. 334 (D.C. Cir. 2003) (rejecting the asserted public interest in redacted names and other identifying information—to "shed light on the workings of government by permitting closer public scrutiny of the . . . investigations"). *See also Citizens for Responsibility & Ethics in Wash. v. United States DOJ*, 870 F. Supp. 2d 70, 81, 2012 U.S. Dist. LEXIS 80887, *20-23.

5720
Ser 14/148
March 31, 2020

"[W]hen . . . governmental misconduct is alleged as the justification for disclosure (of an identity), the public interest is 'insubstantial' unless the requester puts forward 'compelling evidence that the agency denying the FOIA request is engaged in illegal activity' and shows that the information sought 'is necessary in order to confirm or refute that evidence.'" *Davis v. DOJ*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *SafeCard*, 926 F.2d at 1205-06); *see also McGehghy v. DEA*, No. C 97-0185, slip op. at 10 (N.D. Iowa May 29, 1998) (holding that there is "no compelling public interest rationale" for disclosing the names of law enforcement officers, private individuals, investigative details, or suspects' names from DEA files).

### 3. Analysis

As an initial matter, after carefully reviewing your FOIA request and appeal, I find the Equal Opportunity Investigation to be law enforcement related.  The investigation was convened to determine whether unlawful discriminatory actions occurred against your client or other African-Americans in the squadron.  Given the serious nature of the allegations, the investigation was conducted with an eye towards prosecuting offenders or at least determining whether anyone violated equal opportunity regulations. If unlawful discrimination had been found in violation of the Uniform Code of Military Justice, then offenders may be prosecuted in the military justice system, or be subject to administrative actions, such as a Board of Inquiry.

Personnel investigations of government employees have been found to be compiled for law enforcement purposes if they focus on "specific and potentially unlawful activity by particular employees" of a civil or criminal nature.  *Stern v. FBI*, 737 F.2d 84, 89 (D.C. Cir. 1984).  *See also Perlman v. DOJ*, 312 F.3d 100, 105 (2d Cir. 2002) (finding investigation into allegations of preferential treatment and undue access and influence in INS Investor Visa Program satisfied law enforcement threshold because inquiry focused on possible violations of law and whether particular employee committed acts that could subject that employee to criminal or civil penalties), cert. granted, vacated, and remanded on other grounds, 541 U.S. 970, aff'd, 380 F.3d 110 (2nd Cir. 2004).  Further, courts have found that records in connection with investigations that focus directly on specific alleged illegal actions which could result in civil or criminal penalties are covered by the (b)(7) exemption. *Nat'l Whistleblower Ctr. v. HHS*, 849 F. Supp. 2d 13, 27-28 (D.D.C. 2012) (reiterating analysis used to distinguish between supervision and investigation of employees and explaining that because records at issue "were compiled to investigate allegations that specific individuals at FDA had engaged in specific acts that could constitute violations of criminal and civil laws," rather than "a case involving personnel files maintained in the ordinary course of monitoring employee's performance, that records were compiled for law enforcement purposes.")  Thus, the law enforcement threshold of exemption (b)(7) has been found to be satisfied when agencies demonstrate

5720
Ser 14/148
March 31, 2020

that they were focusing on an alleged illegal act rather than merely supervising their employees for performance of duties, which does not satisfy the (b)(7) threshold.

Here, offenders could have been charged with violating articles 92, 133, and 134 of the Uniform Code of Military Justice and therefore the investigation you seek was not simply conducted to monitor performance. Therefore, after carefully reviewing your FOIA request and appeal, I find that all of the requested records are law enforcement related. Thus, in accordance with the D.C. District Court's holding in *Adionser*, the privacy/public interest balancing test under FOIA Exemption (b)(7)(C), which is more deferential to the Government's withholding of information than (b)(6), is appropriate in this case. *See* 811 F. Supp. 2d 284, 298 n. 15 (D.D.C. 2011).

I also find that the individuals mentioned in the requested documents have a privacy interest which implicates (b)(7)(C). This is especially true when the individuals have been investigated for misconduct, the allegations are unfounded, and they do not result in criminal charges. The Supreme Court's warning that disclosure of the identity of a non-charged subject of an investigation should be protected because "allegations of government misconduct are easy to allege and hard to disprove" is particularly relevant here. *Crawford-El* 523 U. S. 585 (1998). Therefore, due to the fact that the investigation reveals only alleged, uncharged misconduct, release will only occur if "exceptional interests militate in favor of disclosure." *Fund for Constitutional Gov't* 656 F.2d at 861-66.

My analysis will be based on the balancing test from *Boyd v. Crim. Div of the Dept of Justice*, that the requester must "(1) show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake, and (2) show the information is likely to advance that interest." 475 F.3d 381, 387. The question ultimately becomes if releasing the identities of the subject of the investigation contribut[es] significantly to public understanding of the operations or activities of the government." *Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989).

While you have not argued for a release of the (b)(6)/(b)(7)(C) material in the investigation, I am assuming you seek these records to assist in appealing the EO findings of the investigation. Please note that any personal interest in requested information has no relevancy to the public interest in disclosure. *See Joslin v. U.S. Dep't of Labor*, No. 88-1999, slip op. at 8 (10th Cir. Oct. 20, 1989) (finding no public interest in release of documents sought for use in private tort litigation); *Del Rio v. Miami Field Office of the FBI*, No. 08-21103, 2009 WL 2762698, at *5 (S.D. Fla. Aug. 27, 2009) (holding that "[a] FOIA litigant's private interest in obtaining materials for personal reasons plays no part in the required balancing of interests.").

The individuals mentioned in the requested documents have a privacy interest which implicates (b)(7)(C). I have addressed, at length, the strong privacy interest in uncharged

5720
Ser 14/148
March 31, 2020

alleged misconduct; the minimal, if any, public interest in the disclosure of the subjects identities; and how the true public interest lies in how the allegations were investigated and not who was investigated.  Release of any names in the investigation would not lead to any furtherance of the public's interest in how the Department of the Navy operates or "what the government is up to."

Therefore, I independently find that FOIA exemption (b)(7)(C) applies to all redactions made to identities and factual information contained in the investigation.

As the Department of the Navy's designated adjudication official for this FOIA appeal, I am responsible for the denial of your appeal.  You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court.  My office represents the U.S. government and is, therefore, unable to assist you in this process.

If you would like to seek dispute resolution services, you have the right to contact the Department of the Navy's FOIA public liaison, Mr. Christopher Julka, at christopher.a.julka@navy.mil or (703) 697-0031.  You may also seek dispute resolution services from the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, at (202) 741-5770 or ogis@nara.gov.

If you have further questions or concerns, my point of contact is Major James McKeon, USMC, who may be reached at james.mckeon@navy.mil or (202) 685-4596.

Again, however, as discussed above, though I have denied access to this information under the FOIA/PA, my office has coordinated with the IDA to allow you or LT Savage to review, but not receive, an unredacted copy of the requested EO investigation, so that as a matter of due process within an EO appeal, you can respond to the EO investigation.

The IDA will contact you by separate correspondence to coordinate.  Please feel free to coordinate with the IDA for access to the records.

Sincerely,

*G. E. Lattin*

G. E. LATTIN
Director
General Litigation Division

Copy to:
COMNAVAIRPAC
DNS-36
DON OCIO

10

# EXHIBIT E

LT McCart Declaration Exhibit E



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/192
June 1, 2020

Ms. Carol Thompson
The Federal Practice Group
1750 K Street
Washington, D.C. 20006
Email to: cthompson@fedpractice.com
Submitted on behalf of Lieutenant Courtland Savage, United States Navy

SUBJECT:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST DON-NAVY-
2019-005892; FOIA/PRIVACT ACT (PA) APPEAL DON-NAVY-2020-
003861

   This letter serves as my amended response to your FOIA/PA appeal, which was
received by my office on January 31, 2020, and given the tracking number 2020-003861.
Your underlying FOIA request, DON-NAVY-2019-005892, was submitted to the
Commander, Naval Air Forces Pacific (COMNAVAIRPAC), the initial denial authority
(IDA), and sought an Equal Opportunity (EO) investigation into instances of racial
discrimination your client, LT Savage, alleged that he suffered.  The IDA produced the
requested investigation, subject to redactions made pursuant to FOIA exemptions (b)(5)
and (b)(6).   You appealed that decision to my office, and on July 29, 2019, I affirmed the
IDA's decisions in FOIA appeal DON-NAVY-2019-007817.  Subsequently, you initiated
litigation with the Department of the Navy in the U.S. District Court for the District of
Columbia, *Savage v. Department of the Navy*, seeking judicial review of the final agency
action in DON-NAVY-2019-007817.

   On November 5, 2019, I amended my decision in DON-NAVY-2019-007817 and
remanded your appeal to the IDA to consider a release of the investigation under the
Privacy Act (PA).  The IDA subsequently produced to you the investigation you seek,
with redactions made pursuant to FOIA exemption (b)(5) and PA exemption (d)(5) for all
deliberative process material, and FOIA exemption (b)(6) for third-party names and other
factual information that could compromise personal privacy.  You submitted another
administrative appeal arguing for release of the (b)(5)/(d)(5) material, specifically
arguing the information you seek to be released cannot be withheld under the PA. I
denied this appeal on March 31, 2020.  In my denial, I determined, in part, that the PA
does not apply to the information you seek.

5720
Ser 14/192
June 1, 2020

However, since that decision, my office has *sua sponte* reviewed the applicability of the PA to the information you seek.  Upon review, I have determined that the PA should apply to the information you seek.  Nevertheless, I am affirming my denial of your appeal.

After receiving both your initial and second administrative appeals, my office contacted the IDA regarding the applicability of the PA to the investigation you seek.  The IDA continues to maintain that, because the investigation you seek is not retrievable by LT Savage's name or identifiable numbers, it is not in a PA system of records.  In my March 31, 2020, letter I agreed with this decision.  However, after contacting the IDA for more information regarding the origin of the investigation, I have determined, instead, that the PA does apply.

The IDA informed my office that a congressional inquiry triggered the initial investigation.  Subsequently, another complaint was made regarding the command climate at LT Savage's squadron.  These two allegations were investigated in a combined inquiry, contrary to OPNAVINST 5354.1G, the Navy Equal Opportunity Program Manual, which requires a separate investigation for each EO complaint.  Moreover, neither LT Savage, nor the other complainant signed the appropriate EO forms until after the combined investigation was initiated.  Therefore, under a strict analysis of the applicability of the EO system of records notice (SORN) 78 FR 37800, June 24, 2013, NM12713-1, the Privacy Act would not apply.[1]

However, I find that, because the IDA did conduct this investigation in order to determine whether EO violations occurred, they cannot avoid the PA's general right of access that should be afforded to LT Savage.  Accordingly, I independently find the PA to apply to the requested investigation.

Sections 552a(b) and (t) of Title 5, U.S. Code address the relationship between the PA and the FOIA, and provide in relevant part:

> (b) No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
>
> > (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;

---

[1] Located at https://dpcld.defense.gov/Privacy/SORNsIndex/DOD-wide-SORN-Article-View/Article/570361/n05354-1/

5720
Ser 14/192
June 1, 2020

(2) required under section 552 of this title [the FOIA];

(t) Effect of other laws.

(1) No agency shall rely on any exemption contained in section 552 of this title [5 USCS § 552] to withhold from an individual any record which is otherwise accessible to such individual under the provisions of this section.

(2) No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of section 552 of this title [the FOIA];.

These provisions ensure that if a record is accessible to the requesting party under either the PA or the FOIA, the record must be produced.  Numerous courts have adopted this construction.  *See Martin v. Office of Special Counsel*, 819 F.2d 1181 (D.C. Cir. 1987); *Murray v. Fed. Bureau of Investigation*, 741 F. Supp. 2d 156 (D.C. Cir. 2010); and *Shapiro v. Drug Enforcement Agency*, 762 F.2d 611 (7th Cir. 1985).

My letter of March 31, 2020, explained why the FOIA prevents release of the requested material pursuant to FOIA exemptions (b)(5), (b)(6), and (b)(7)(C).  The applicability of these FOIA exemptions stands.  However, you argue that PA exemption (d)(5) does not apply to the redacted material.  You have not appealed under the PA for production of any other withheld information.  I will address your argument for release of the (d)(5) material and explain my reasoning for denial below.

In 5 U.S.C. § 552a(d)(1), the PA provides :

Each agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence.

The PA also provides certain exemptions to the general access/disclosure provision contained in § 552a(d)(1).  One exemption, applicable to your appeal, is 5 U.S.C. §552a(d)(5), which provides that "nothing in this [Act] shall allow an individual access to any information compiled in reasonable anticipation of a civil action or proceeding."

3

5720
Ser 14/192
June 1, 2020

This provision has been held to be similar to the attorney work-product privilege, *see*, *e.g.*, *Martin v. Office of Special Counsel*, 819 F.2d at 1187-89, although it also extends to information prepared by non-attorneys. *Varville v. Rubin*, No. 3:96CV00629, 1998 U.S. Dist. LEXIS 14006, at *9-12 (D. Conn. Aug. 18, 1998); *see also Blazy v. Tenet*, 979 F. Supp. 10, 24 (D.D.C. 1997) (construing subsection (d)(5) to protect communications between CIA's Office of General Counsel and members of plaintiff's Employee Review Panel while panel was deciding whether to recommend retaining plaintiff).

The exemption under section (d)(5) shields information that is compiled in anticipation of court proceedings or quasi-judicial administrative hearings. *See*, *e.g.*, *Martin*, 819 F.2d at 1188-89; *Menchu v. HHS*, No. 3:12-CV-1366, 2014 WL 1217128, at *4-6 (D. Or. Mar. 21, 2014); *Mobley v. CIA*, 924 F. Supp. 2d 24, 60-62 (D.D.C. 2013); *see also* OMB Guidelines, 40 Fed. Reg. 28,948, 28,960 (July 9, 1975), available at http://www.whitehouse.gov/sites/default/files/omb/assets/omb/inforeg/ implementation_guidelines.pdf ( "civil proceeding" includes "quasi-judicial and preliminary judicial steps").

You contend that the investigation did not compile information in anticipation of a non-criminal proceeding or quasi-judicial administrative hearing. I disagree. It is clear the investigation was convened to determine whether unlawful discrimination occurred against your client or other African-Americans in the squadron, not as a simple fact-finding mission, as you contend. If discrimination had been found, the offenders may be subject to administrative actions, such as a Board of Inquiry, a Court of Inquiry, Competency Review Board, retirement grade determination, or other non-criminal adjudication. *See Barrett v. Customs Serv.*, No. 77-3033, slip op. at 2-3 (E.D. La. Feb. 22, 1979) (applying subsection (d)(5) to "policy recommendations regarding plaintiff['s] separation from the Customs Service and the possibility of a sex discrimination action"); *see also Blazy*, 979 F. Supp. at 24; *Smiertka v. Treasury*, 447 F. Supp. 221, 227-28 (D.D.C. 1978); *Nazimuddin v. IRS*, No. 99-2476, 2001 WL 112274, at *3-4 (S.D. Tex. Jan. 10, 2001); *Taylor v. Dep't of Educ.*, No. 91 N 837, slip op. at 3, 6 (D. Colo. Feb. 25, 1994). Like those cases, some of the military administrative, non-criminal, quasi-judicial forums cited above are adversarial in nature, subject to rules of evidence and potential discovery, and meet the threshold for PA exemption (d)(5) to apply as a quasi-judicial forum. *See Martin*, 819 F.2d at 1188; s*ee also* JAGINST 5800.7F, JAGINST 5830.1A.

Therefore, I am denying your appeal pursuant to PA exemption (d)(5). Also, as discussed above, I am re-affirming the application of FOIA exemptions (b)(5), (b)(6), and (b)(7)(C) as to the requested records.

As the Department of the Navy's designated adjudication official for this FOIA appeal, I am responsible for the denial of your appeal. You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court.

5720
Ser 14/192
June 1, 2020

My office represents the U.S. Government and is, therefore, unable to assist you in this process.

If you would like to seek dispute resolution services, you have the right to contact the Department of the Navy's FOIA public liaison, Mr. Christopher Julka, at christopher.a.julka@navy.mil or (703) 697-0031.

You may also seek dispute resolution services from the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, at (202) 741-5770 or ogis@nara.gov.

If you have further questions or concerns, my point of contact is Major James McKeon, USMC, who may be reached at james.mckeon@navy.mil or (202) 685-4596.

Sincerely,

*G. E. Lattin*

G. E. LATTIN
Director
General Litigation Division

Copy to:
COMNAVAIRPAC
DNS-36
DON OCIO

# EXHIBIT F

# NATOPS EVALUATION REPORT

OPNAV 3710/7 (4-90) S/N 0107-LF-009-8000        REPORT SYMBOL OPNAV 3710-21

| NAME (LAST, FIRST, MIDDLE INITIAL)<br>(b) (6) | RANK<br>**1ST LT** | SSN<br>**ON FILE** |
|---|---|---|
| SQUADRON / UNIT<br>**VFA-106** | AIRCRAFT MODEL<br>**FA-18 A-D** | CREW POSITION<br>**PILOT** |
| TOTAL PILOT / FLIGHT HOURS<br>**312.3** | TOTAL HOURS IN MODEL/SERIES<br>**86.9** | DATE OF LAST EVALUATION<br>**13 APR 15** |

## NATOPS EVALUATION

| REQUIREMENT | DATE COMPLETED | GRADE | | |
|---|---|---|---|---|
| | | Q | CQ | U |
| OPEN BOOK EXAMINATION | **18 FEB 16** | Q | | |
| CLOSED BOOK EXAMINATION | **18 FEB 16** | Q | | |
| IMMEDIATE ACTION EXAMINATION | **18 FEB 16** | Q | | |
| ORAL EXAMINATION | **19 FEB 16** | Q | | |
| EVALUATION FLIGHT | **19 FEB 16** | Q | | |

| FLIGHT DURATION<br>**1.0** | AIRCRAFT BUNO<br>**TOFT 23** | OVERALL FINAL GRADE<br>**QUALIFIED** |
|---|---|---|

REMARKS OF EVALUATOR / INSTRUCTOR

FLIGHT CONDUCTED PER OPNAVINST 3710.7U AND COVERED START EMERGENCIES, TAKEOFF ABORTS, LOSS OF THRUST ON TAKEOFF, OUT-OF-CONTROL FLIGHT, INFLIGHT EMERGENCIES, SINGLE ENGINE PROCEDURES / CONSIDERATIONS, AND LOSS OF DIRECTIONAL CONTROL.

1ST LT **(b)(6)** IS RECOMMENDED TO BECOME FULLY NATOPS QUALIFIED IN THE F/A-18 A-D AIRCRAFT.

CONDUCTED CRM FLIGHT EVALUATION PER CNAFINST 1542.7A.

A REVIEW OF ACM TRAINING RULES WAS CONDUCTED IN CONJUNCTION WITH THIS EVALUATION.

**EXPIRES: 28 FEB 17**

☐ CHECK IF CONTINUED ON REVERSE SIDE

| GRADE, NAME OF EVALUATOR/ INSTRUCTOR<br>**LT** (b) (6) | SIGNATURE<br>(b) (6) | DATE<br>19 FEB 16 |
|---|---|---|
| GRADE, NAME OF EVALUEE<br>**1ST LT** (b) (6) | SIGNATURE<br>(b) (6) | DATE<br>19 FEB 16 |

REMARKS OF UNIT COMMANDER

1ST LT (b) (6) IS FULLY NATOPS QUALIFIED IN THE FA-18 A-D AIRCRAFT.

| RANK, NAME OF UNIT COMMANDER<br>**CDR** (b) (6)    **CO** | SIGNATURE | DATE |
|---|---|---|

WST, OFT, COT, or cockpit check in accordance with OPNAVINST 3510.9 US GOVERNMENT PRINTING OFFICE: 1993-504-079/00119

# EXHIBIT G

LT McCarl Declaration Exhibit G

8 Jul 19

MEMORANDUM FOR THE RECORD

From: COMNAVAIRPAC Force Judge Advocate
To:     OJAG Code 14

Subj:  FOIA APPEAL DON-NAVY-2019-008435

Ref:   (a) DODM 5400.07
        (b) SECNAVINST 5720.42G

1.  This memorandum responds to the FOIA Appeal letter submitted by The Federal Practice Group on behalf of Mr. Courtland Savage on 24 June 2019, on the basis that Commander, Naval Air Forces, U.S. Pacific Fleet (COMNAVAIRPAC) improperly withheld information under exemptions (b)(5) and (b)(6).  These are discussed in detail, below.

2.  Improper use of (b)(5).  Mr. Savage and his attorney contend that the investigative report does not fall within the "deliberative process" exemption and therefore, COMNAVAIRPAC improperly relied upon exemption (b)(5) to withhold portions of the investigation from release. COMNAVAIRPAC relied on exemption (b)(5) to withhold only those portions of the investigation which were disapproved or modified by VADM Miller in his final endorsement. The material that was disapproved included an executive summary; findings of fact that were unsupported by the enclosures; and certain opinions.  This material constitutes subjective evaluations of the investigating officer and is considered "draft" material because it was not approved by the Convening Authority in the final report.  Release of this information could have a chilling effect on future deliberative processes and could stifle the frank and free discussion by investigating officers, reviewers, and final approval authorities and their staffs.

3.  Improper use of (b)(6).  Mr. Savage contends that the public's right to the information in the investigation outweighs the privacy interest of the witnesses and alleged offenders and therefore, COMNAVAIRPAC improperly relied upon exemption (b)(6) to withhold the names of individuals named in the report.  Following standard practice, COMNAVAIRPAC relied upon exemption (b)(6) to withhold the privacy-protected information of witnesses, the Investigating Officer, other complainant(s), and the alleged offenders, including first and last names, call signs (unique identifiers within the aviation community), email addresses, and personal phone numbers.  Dissemination of this information would clearly constitute an unwarranted invasion of personal privacy.  None of these individuals are public figures within the meanings of references (a) and (b), including the other complainant, who has chosen to remain anonymous in media coverage of this story.  Release of other individuals' names and contact information to Mr. Savage (and thereby, to the public) could reasonably lead to undue embarrassment, ostracism, harassment, or harm to professional reputations.  Though the investigation delved into a topic of a sensitive nature, the public's interest does not outweigh the privacy interests of those individuals named in the investigating officer's final report in this case.

Subj:   FOIA APPEAL DON-NAVY-2019-008435

4.  My point of contact for this matter is ███████████████ Assistant Force Judge
Advocate, who can be reached a ████████████████

Force Judge Advocate
COMNAVAIRPAC