IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTLAND SAVAGE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-2983(ABJ) |
| ) | |
| U.S. DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S STATEMENT OF FACTS**

Pursuant to Local Civil Rule 7(h), Plaintiff, Courtland Savage, respectfully submits this Statement of Disputed Facts in Opposition to Defendant's Statement of Facts, ECF No. 13-1.

1. Plaintiff agrees with ¶1, but adds that the request for documents was also made pursuant to the Privacy Act. *See* **Plaintiff's Exhibit 1** at 2 ("In accordance with OPNAVINST 5354.1G, Ch.4, Paragraph 3.f(8) 'When requested, the command must provide a redacted copy of the investigating officer's final report (as directed by the Privacy Act of 1974 and other applicable laws and regulations) to the complainant and alleged offender.'").

2. Plaintiff agrees with ¶2, but adds that the investigation has since been reopened, and additional documents – which were provided to Captain (Capt) J.A., the second complainant involved in the investigation – have yet to be produced to Mr. Savage. *See* **Plaintiff's Exhibits 2 – 3** (appeals in Mr. Savage's Equal Opportunity (EO) case upon reopening of the investigation); **Plaintiff's Exhibit 4** (recent negative endorsement in the appeal of Capt J.A.'s case, which included a newly disclosed document–Enclosure (25), now marked as **Plaintiff's Exhibit 5**–that served as a "legal review" of the investigation). The metadata on the document titled "Enclosure

(25)," which was provided to counsel on August 21, 2020, reveals that, although the unsigned document is dated December 4, 2018, the document itself was "created" on July 23, 2020 (fourteen days before the endorsement provided as Plaintiff's Exhibit 4 was authored). **Plaintiff's Exhibit 6** (First Production).

    3. Plaintiff agrees with ¶¶3-5.

    4. Plaintiff agrees with ¶6, but adds that the Navy Office of the Judge Advocate General directed the request be processed under the Privacy Act "in accordance with the Navy Equal Opportunity Program Manual, OPNAVINST 5354.1G (24 July 2017)." Defendant Exhibit C (ECF No. 13-3 at 14).

    5. Plaintiff agrees with ¶7, but adds that the original withholdings remained, with some withholdings now being maintained under 5 U.S.C. § 552a(d)(5) in lieu of 5 U.S.C. § 552(b)(5). Defendant Exhibit B (ECF No. 13-3 at 17) ; **Plaintiff's Exhibit 7** (Second Production).

    6. Plaintiff does not dispute ¶8.

    7. Plaintiff agrees with ¶¶9-11.

    7. Plaintiff agrees with ¶12, but notes that Privacy Act exemption (d)(5) – not (d)(7) – was applied to certain final withholdings. Defendant Exhibit A (ECF No. 13-3 at 6).

    8. Plaintiff does not dispute ¶¶14-15.

    9. Plaintiff does not dispute ¶15, in so far as Plaintiff acknowledges the existence of the Memorandum for Record included as Defendant's Exhibit G. However, Plaintiff, who is now viewing this document for the first time upon receipt of this filing, disputes the substance contained in the Memorandum (as to be addressed further in his Memorandum of Points and Authorities provide in Opposition to Defendant's Motion for Summary Judgment).

10. Plaintiff disputes ¶¶17-18, as will be addressed further in his Memorandum of Points and Authorities provide in Opposition to Defendant's Motion for Summary Judgment.

11. Plaintiff agrees with ¶19.

Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo, DC Bar No. 993206
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
Facsimile: 888-899-6053
emontalvo@fedpractice.com

Attorney for Plaintiff