**Federal Practice Group**
Aggressive ● Innovative ● Global

Carol A. Thompson
Lic: OK**
CThompson@fedpractice.com

May 22, 2020

<u>**VIA ELECTRONIC MAIL ONLY**</u>
Honorable James McPherson
Acting Secretary of the Navy

> Via:    Office of the Judge Advocate
>         douglas.j.cantwell@navy.mil

> RE:    Supplement to Appeal of Findings of Review of Race Discrimination Complaints
>        Against CDR Martin L. Weyenberg, USN, and CDR James D. Huddleston, USN
>        by LT Courtland Savage, USN

Ref:    (a) OPNAVINST 5354.1G
        (b) Mr. Savage's ltrs of 22 Oct 19 and 24 Jun 19[1]
        (c) COMNAVAIRLANT 5354 ltr Ser N0IL/306 of 11 Oct 19
        (d) COMNAVAIRLANT 5354 ltr Ser N0IL/307 of 11 Oct 19
        (e) USFF 5354 ltr Ser NO1L/103 of 9 Dec 19
        (f) OJAG 5720 ltr Ser 14/148 of 31 Mar 20
        (g) Appeal of Findings of Review dtd 31 Jan 20
        (h) Report of Command Investigation into EO complaint at VFA-106 dtd 16 Aug 18
        (i) COMUSFF 5354 ltr Ser N01L/027 OF 28 Feb 20

1. In accordance with reference (f) and the approved extension through 22 May 2020, Mr. Courtland Savage, by and through counsel, respectfully submits this supplement to his appeal filed on 31 January 2020; that appeal addressed the reopening of the Command Directed EO Investigation and the change of findings from substantiated to unsubstantiated. Ref. (c)-(e), (g). Processing of that appeal was stayed pending Mr. Savage's in-person review of the entire EO Investigation.

2. Mr. Savage's review revealed one *indisputable* fact: **The Command Investigation <u>did</u> Support a Substantiated Determination of Discrimination Based on Race**. The Navy Captain who conducted the Command Investigation stated the following in his Executive Summary:

---

[1] In the interest of brevity, Mr. Savage hereby incorporates his arguments and issues previously raised in these two appeals as well as the one filed on 31 January 2020, reference (g).

1750 K Street NW, Suite 900 | Washington, DC 20006
Office: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
**Practice in DC limited to matters and proceedings before Special Courts - Federal Courts – Agencies**

SAVAGE – SUPPLEMENT EO APPEAL
May 22, 2020
PAGE 2 OF 3

> Determining racial discrimination has been most difficult, yet the key to this equal opportunity (EO) case, one man's apparent discrimination is another man's clear conscience. This dichotomy exists in our society, and since our Navy is a direct reflection of that society, it exists in the fleet as well. For example, one person may believe that noose hanging on a wall is copacetic, though to another person, especially African American heritage, he may find the noose to be an expression of lynching slaves from our country's history of slavery, and 100% convinced that it is offensive to his sensibilities.
>
> According to OPNAV Instruction 5354.1G, the standard for meeting racial discrimination is based upon a reasonable person's observation. Combine that with OGC's Race and Color Discrimination QSG that provides real world examples of discrimination lawsuits, and the path begins to clarify. **I found that both Captain Ashley's and Lieutenant Savage's complaints met the reasonable person standard, and were supported by legal precedent and the OGC QSG**.[2]

Ref. (h) at Executive Summary, pp. 3-4 (emphasis added). The 0-6 Investigating Officer went on to recommend that Mr. Savage be afforded the opportunity to appear before an unbiased Field Naval Aviator Evaluation Board (FNAEB) because his first one had undoubtedly been tainted by this racial discrimination and bias. Ref. (h) at Opinion 2, pp. 15-16.

3. The newly revealed investigation findings describe a troubling pattern of racist conduct by naval personnel. These findings were communicated up the chain of command, acknowledged by senior Navy JAG officers in electronic communications, and communicated directly to both Mr. Savage and Captain Ashley. *See* Ref. (g) at ¶5 and Encl. (4). These findings were then ratified in writing – "substantiated." Ref. (g) at Encl. (3). The Marine Corps rightly reinserted Captain Ashley into the training pipeline as a result.

4. And yet, the reviewing Navy officers still refuse to acknowledge the original findings. In his endorsement of Mr. Savage's appeal dated 31 January 2020, Admiral Grady wrote, "**[T]he findings of the command investigation do not support and have never supported a substantiated determination of discrimination based on race**." Ref. (i) at ¶6 (emphasis added). Such an assertion defies credulity. The Investigating Officer's findings not only supported his determination, but Navy Judge Advocates debriefed Mr. Savage on the initial findings consistent with this understanding. *See* Ref. (g) at Encl. (3) (the original NAVPERS

---

[2] This transcription is not verbatim; Mr. Savage was not provided a physical or electronic copy, and counsel could only take notes of the review. However, it does accurately reflect the words contained in the Report of Command Investigation, reference (h).

1750 K Street NW, Suite 900 | Washington, DC 20006
Office: 202-862-4360 | Fax: 888-899-6053 | www.Fed...

**SAVAGE PE 3, Page 2 of 3**

SAVAGE – SUPPLEMENT EO APPEAL
May 22, 2020
PAGE 3 OF 3

5354/2 forms, which were signed by those debriefing him and state that the claims were "Substantiated"); *see also* Ref. (g) at Encl. (4) (transcript of debrief-call conducted by the Judge Advocates for Commander, Naval Air Forces, during which they said the command was "**substantiating that [he] suffered discrimination**," and "**everybody who's looking at [the investigation] has been aghast at what was substantiated and what was found by [the] investigator**.").

5. For any reviewing official to now state that the investigation never contained facts supporting discrimination is wholly unsupported by the record. Caucasian IPs, all of whom were Naval Academy Graduates, used a private chat message group named "Pure Bloods" to refer to African American student pilots using an eggplant emoji, including Mr. Savage. The investigating officer researched the meaning of this emoji to find that "the word eggplant in the African American community is synonymous with "n***er." Findings of Fact (FF) 35-38, 41, and discussed in the Executive Summary. The use of black-hand emojis and call signs attributed to the color of a pilot's skin were also found. FF 49, 91-96. Because much of the curriculum at VFA-106 is based on subjective review of the student, there is no way to discern that the racial bias of most of the Caucasian IPs (the same individuals who graded Mr. Savage and sat on his FNAEB) didn't have an impact on Mr. Savage's grades and FNAEB. Such is why the Investigating Officer found Mr. Savage's FNAEB had been tainted.

6. Secretarial review of this matter provides an opportunity to confront and rectify what appears to be a long standing concern within Naval Aviation. Rectifying the wrongs in this case marks one tangible step toward righting this historic issue. The message sent as a result of this case has the potential to serve as an example on how to move forward on what is still a sensitive and divisive issue for our Nation. In summary, Mr. Savage's EO case should be substantiated as was originally indicated. His FNAEB should be invalidated, and he should be returned to active duty with back pay to the date of his wrongful separation.

7. Point of contact for this matter is the undersigned at cthompson@fedpractice.com or (202) 808-3134. On behalf of Mr. Savage, I thank you for your time and consideration of this significant issue.

Respectfully,

Carol Thompson