

**DEPARTMENT OF THE NAVY**
U.S. FLEET FORCES COMMAND
1562 MITSCHER AVENUE SUITE 250
NORFOLK VA 23551-2487

5354
Ser N01L/084
6 Aug 20

FIRST ENDORSEMENT on Ms. Carol Thompson ltr of 22 Jun 20

From: Commander, U.S. Fleet Forces Command
To:   Secretary of the Navy
Via:  Office of the Judge Advocate General, Administrative Law (Code 13)

Subj: APPEAL OF FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST CAPT JOHN P. GREENE, USN, LCDR JOHN P. LYLES, USNR, LCDR RYAN E. KIMMEL, USNR, LCDR ADAM KYLE, USNR, AND MAJ ERIK T. SPRAGUE, USMC, IN THE CASE OF CAPT JASON ASHLEY, USMC

Ref:  (s) JAGINST 5800.7F

Encl: (7) Consolidated List of Enclosures

1. In accordance with reference (a), enclosures (1) through (29) are forwarded for higher level review. Due to the voluminous administrative record in this matter, I have consolidated all references and enclosures into the list contained in enclosure (7). Ms. Carol Thompson is an attorney who represents Captain Jason Ashley, USMC, and has submitted an appeal on Capt Ashley's behalf. Capt Ashley has made several claims in this appeal which have not been made before which I will address below.

2. Capt Ashley is claiming that there was a concerted effort to conceal race discrimination. He makes several arguments to support this claim. First, he claims that the findings changed from substantiated to unsubstantiated in retaliation for the Department of Defense Inspector General's (DoD IG) findings of whistleblower reprisal in the case of LT Steven Shaw. That is factually incorrect. Not only are these two cases completely separate and independent from each other, but also the command investigation which did not substantiate Capt Ashley's complaint was completed on 16 August 2018, well before the DoD IG investigation into LT Shaw's case was completed on 12 June 2019.

3. Next, Capt Ashley argues that the substantiated finding was indisputable to support his claim that there was a concerted effort to conceal race discrimination. He uses language in the executive summary of the command investigation to support his argument. Specifically, he references the paragraph where it states that Capt Ashley's complaint met the reasonable person standard. This statement, as well as the entire executive summary, was pre-decisional and was later removed by Commander, Naval Air Forces (CNAF) in accordance with reference (s). The findings of fact and opinions do not support a finding that the *objective* reasonable person standard had been met. Instead, the report supports a finding that *subjectively* Capt Ashley perceived the use of the eggplant emoji to be racially discriminatory. There is no finding or

Subj:  APPEAL OF FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST CAPT JOHN P. GREENE, USN, LCDR JOHN P. LYLES, USNR, LCDR RYAN E. KIMMEL, USNR, LCDR ADAM KYLE, USNR, AND MAJ ERIK T. SPRAGUE, USMC, IN THE CASE OF CAPT JASON ASHLEY, USMC

opinion that the evidence supported a reasonable person would have believed that Capt Ashley was discriminated against based on race.

4. Capt Ashley further argues that the substantiated finding was indisputable because the investigation found that the Field Flight Performance Board (FFPB) was tainted by discrimination and bias. That is not an accurate description of the investigation's findings of fact or opinions. While the investigation concluded that there was an "…appearance of tainting Capt Ashley's FFPB process due to multiple inconsistencies…" and that "…rankings are calculated by staff IPs which allows for too much subjectivity and possible bias," it did not conclude that the FFPB was actually tainted by race discrimination. This is an important distinction. Reference (a) defines race discrimination as "treating someone unfavorably because he or she is of a certain race or because of personal characteristics associated with race (such as hair texture, skin color, or certain facial features)." The definition of race discrimination does not include the appearance of treating someone unfavorably based on race or the possibility that someone was treated unfavorably based on race.

5. Capt Ashley also argues that staff judge advocates from CNAF told him that the command investigation substantiated the allegations of discrimination based on race. Before adjudicating Capt Ashley's 11 June 2019 appeal, I was unaware that Capt Ashley had an in-person debrief with a team including staff judge advocates at CNAF. If in fact made, the staff judge advocates' purported comments were erroneous. As discussed above, the findings of the command investigation do not support and have never supported a substantiated determination of discrimination based on race. Accordingly, if I had received this information before I decided Capt Ashley's appeal, I would not have altered my original decision.

6. Lastly, Capt Ashley includes a redacted email from the first investigating officer, enclosure (6), sent to a Navy judge advocate and the second investigating officer. This email appears to display an appearance of bias in favor of the witnesses interviewed by the first investigating officer. This is concerning. After reviewing the command investigation again, it appears that the first investigating officer's work on the investigation was limited to interviewing witnesses involved in the companion case only. Those witness statements are not signed by the witnesses and appear to be summaries of interviews created by the first investigating officer. None of the witnesses interviewed by the first investigating officer, however, provided information regarding Capt Ashley's case.

7. I am also including a second related email from the first investigating officer I discovered when investigating the authenticity of enclosure (6), enclosure (29) refers. In conjunction with enclosure (6), it appears to display an appearance of bias by the first investigating officer in favor of the witnesses. The second investigating officer was also on this email. This email was previously provided to Capt Ashley in CNAF's Freedom of Information Act release. While an argument could be made that since the second investigating officer was included on these emails he might have been improperly influenced by them, the evidence does not support it. There is no indication that the second investigating officer shared the views of the first investigating officer or that this impacted his ability to carry out a fair and impartial investigation.

Subj:   APPEAL OF FINDINGS OF REVIEW OF RACE DISCRIMINATION COMPLAINTS AGAINST CAPT JOHN P. GREENE, USN, LCDR JOHN P. LYLES, USNR, LCDR RYAN E. KIMMEL, USNR, LCDR ADAM KYLE, USNR, AND MAJ ERIK T. SPRAGUE, USMC, IN THE CASE OF CAPT JASON ASHLEY, USMC

8. Because these emails could impact the companion case, and the companion case has already been sent to Code 13 for review before final decision by the Secretary of the Navy (SECNAV), I recommend Code 13 review this new evidence and take it into consideration when advising on the appeal of the companion case to SECNAV.

9. My point of contact for this matter is LCDR Ingrid E. Paige, Assistant Fleet Judge Advocate, who can be reached at commercial ▮▮▮▮▮▮▮▮, or by e-mail at ▮▮▮▮▮▮▮▮.

C. W. GRADY

Copy to:
Ms. Thompson
Capt Ashley
CAPT Greene
LCDR Lyles
LCDR Kimmel
LCDR Kyle
Maj Sprague
CNAF
DCA HQMC
JAD HQMC
CNAL
VFA-106