4 December 2018

From:  Force Judge Advocate, COMNAVAIRPAC
To:    Commander, Naval Air Force, U.S. Pacific Fleet (N112)

Subj:  LEGAL SUFFICIENCY REVIEW OF COMMAND INVESTIGATION INTO
       FORMAL EQUAL OPPORTUNITY COMPLAINT AT VFA-106 MADE BY
       CAPTAIN JASON A ASHLEY USMC AND LT COURTLAND A SAVAGE USN

Ref:   (a) SECNAVINST 5350.16A
       (b) SECNAVINST 5370.7D
       (c) OPNAVINST 5354.1G
       (d) OPNAVINST 5300.13
       (e) Command Investigation of 16 Aug 18 (w/encls)
       (f) Force Command Climate Specialist Sufficiency Review
           of 6 Sep 18

1.  On 20 September 2018, I received the command investigation
and Command Climate Specialist Sufficiency Review into the
formal equal opportunity complaint at VFA-106 made by Captain
Jason A. Ashley, USMC and LT Courtland A. Savage, USN.

2.  I reviewed the command investigation in accordance with
references (a) through (d).  My conclusions are as follows:

     a.  The investigation complies with all applicable legal
and administrative requirements;

     b.  The investigation adequately addresses the complaints;

     c.  The evidence supports the findings of the investigating
officer;

     d.  The conclusions and recommendations of the
investigating officer are consistent with the findings; and

     e.  Irregularities were noted in the investigation
conducted.  The IO determined the claims of racial
discrimination in the FNEAB and FFPB were unsubstantiated, but
noted Capt. Ashley and LT Savage reasonably perceived
discrimination from members of VFA-106 outside of those
processes.

**SAVAGE PE 5, Page 1 of 2**

Subj:  LEGAL SUFFICIENCY REVIEW OF COMMAND INVESTIGATION INTO
       FORMAL EQUAL OPPORTUNITY COMPLAINT AT VFA-106 MADE BY
       CAPTAIN JASON A ASHLEY USMC AND LT COURTLAND A SAVAGE USN


       Per reference (c), the perspective of the complainant is
taken into account in determining if the reasonable person
standard for discrimination is met.  Though Capt. Ashley and LT
Savage perceive that racial discrimination played a role in the
final outcome of the FFPB and FNAEB, the weight of the evidence
in this case does not support a finding of racial discrimination
in the FFPB and FNEAB processes under the reasonable person
standard.

       Additionally, through the CCS review notes, some statements
are signed and some are not, these irregularities are not
germane to the outcome of the investigation.

  3.  Should there be any questions as to my findings, please
contact my assistant CDR Brandon S. Keith, JAGC, USN, at (619)
545-5045.



                         J. M. NILSEN
                         CAPT, JAGC, USN
                         COMNAVAIRPAC

**SAVAGE PE 5, Page 2 of 2**